People v McKoy (2023 NY Slip Op 03126)

People v Mckoy

2023 NY Slip Op 03126

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

387 KA 20-00983

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIE D. MCKOY, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered October 16, 2018. The judgment convicted defendant upon a jury verdict of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law
§ 120.05 [7]). Contrary to defendant's contention, the conviction is supported by legally sufficient evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]). Specifically, the People presented evidence including the victim's medical records, the testimony of the victim, and a video recording of the incident, which established that defendant struck and kicked the victim repeatedly, leaving him with a fractured nose, contusions on his head and chest, and a temporary loss of vision, with minor visual impairment continuing through the time of the trial. This evidence establishes that the victim suffered a "[p]hysical injury" as defined in Penal Law § 10.00 (9) (see People v Vives, 1 AD3d 1014, 1015 [4th Dept 2003]; see also People v McIntosh, 158 AD3d 1289, 1290 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Finally, contrary to defendant's contention, the sentence is not unduly harsh or severe.
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court